### CARR v. GILBERT *et al.*

1. On motion of defendant to vacate a decree of foreclosure because of plaintiff's failure to serve an amended complaint on defendant, it will be presumed that the complaint was served on defendant's attorney pursuant to Comp. Laws, § 5336, which provides that an amended complaint may be served on defendant's attorney.

2. From a written stipulation allowing plaintiff to take judgment without further notice, made by defendant's attorney after the filing of an amended complaint, it appeared that the attorney had notice of the filing of the amendment and of its contents. *Held,* that the defendants were estopped from attacking the validity of the decree on the ground that the amended complaint was not served on them.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Suit by Willard P. Carr against Jacob T. Gilbert, Jewett Bros & Jewett, and others, to foreclose a mortgage. From an order overruling a motion to vacate the decree of foreclosure, Jewett Bros. & Jewett appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby* and *F. L. Rowland,* for appellant.

A trial court has no jurisdiction to render judgment against a defendant in excess of the relief demanded in the complaint. Comp. Laws, Sec. 5097; Simonson vs. Blake, 20 How. Pr. 484; 6 Ency. Pl. & Pr. 109; Belford v. Woodward, 29 L. R. A. 593; Minn. Linseed Oil Co. v. Maginnis, 20 N. W. 85; Zwickey v. Heaney, 23 N. W. 577; McKenzie v. Peck, 42 N. W. 247; Cleveland Co-oper. S. Co. v. Grimes, 2 N. W. 345; Haven & Buck v. Baldwin, 5 Ia. 503; Latimer v. Ryan, 20 Cal. 628; Lamping & Co. v. Hyatt, 27 Cal. 100; Gautter v. English, 29 Cal. 166.

*D. R. Bailey* and *A. B. Kittredge,* for respondent.

HANEY. J.    This action was commenced January 13, 1896, to foreclose a mortgage given by defendants J. T. Gilbert and wife upon a lot in Sioux Falls and certain lands in Lincoln county.   In addition to the mortgagors, certain lienholders, among whom were the members of the co-partnership of Jewett Bros. & Jewett, were made parties defendant.   The complaint was in the usual form.   Notice of no personal claim was served upon all of the defendants except the mortgagors. Jewett Bros. & Jewett appeared by attorney and answered. Before judgment was rendered, plaintiff's attorney discovered liens of record in favor of J. B. Clow & Son and James R. Sprankle, and on February 25, 1896, an order was made allowing plaintiff to amend the record, and make these omitted lien creditors parties defendant.   This was done, and the amended complaint was served upon Clow & Son and Sprankle, who on April 14, 1896, through their attorneys, answered separately setting up fully their respective liens upon the lot

in Sioux Falls.   Jewett Bros. & Jewett filed no answer to the amended complaint, but on April 23, 1896, through their attorney, entered into the following written stipulation:   "In the above-entitled cause it is hereby stipulated by and between D. R. Bailey, attorney for the plaintiff herein, and Joseph Kirby, Esq., attorney for D. C. Jewett, M. E. Jewett, R. N. Jewett, and C. C. Newton, co-partners, doing business as Jewett Bros. & Jewett, that judgment may be taken herein without further notice, and notice of taxation of costs waived." This stipulation consists of one typewritten page, is preceded by the title of the action as it appears in the amended complaint, and contains the names of all the defendants, including Clow & Son and Sprankle.   It is signed by the attorney for plaintiff and the attorney for Jewett Bros. & Jewett.   On April 25, 1896, upon the issues made by the answers of Clow & Son and Sprankle, and upon this stipulation, the court made and filed its findings of fact and conclusions of law, briefly to the effect that the material allegations of the plaintiff's complaints were true, that the claims of Clow & Son and Sprankle were first liens upon said lot 7, and that the respondent was entitled to judgment for the amount claimed in his complaints; and thereupon made and filed its judgment, decreeing the sale of the mortgaged property, and that the proceeds of the sale of lot 7 be first applied to the payment of the claims of Clow & Son and Sprankle, and the balance to the amount due on the respondent's note and mortgage, if any, after applying thereon the proceeds of the sale of the property in Lincoln county. Under and pursuant to said judgment and decree, the mort gaged property was, after due and legal advertisement, sold on the 1st day of June 1896, by the sheriff of Minnehaha

county, and bid in by the respondent; the land in Lincoln county for $1,600, and the premises in the city of Sioux Falls (lot 7) for $1,346.02. On June 13, 1896, upon the sheriff's report thereof, this sale was, without objection, confirmed by the court. The usual sheriff's certificate of purchase was issued to the respondent, and on June 3, 1897, the property not having been redeemed, a sheriff's deed in due form was duly issued to him, which deed was duly acknowledged, so as to entitle it to be recorded, and was thereafter duly recorded in the office of the register of deeds for Minnehaha county. The defendants Jewett Bros. & Jewett were made parties defendant to these, foreclosure proceedings by reason of an attachment issued by them in a suit against the defendant J. T. Gilbert on or about June 14, 1895, and levied upon, *inter alia*, lot 7. Subsequently, under a judgment obtained in that suit, lot 7 was, on March 23, 1896 (after the foreclosure action had been begun, and Jewett Bros. & Jewett had appeared and answered therein), sold under execution and bought in by said Jewett Bros. & Jewett, and a sheriff's certificate issued to them. Afterwards, on March 23, 1897, this certificate was assigned to Jewett Bros. & Jewett, a corporation, the appellant herein, and on March 24, 1897, a sheriff's deed was issued to it. On June 5, 1897, and after the respondent had received a sheriff's deed to all the mortgaged property under the foreclosure proceedings, and had become entitled to the possession of the same, and to the rents and profits thereof, the appellant, as the successor of the defendants Jewett Bros. & Jewett, applied to the court, upon motion and affidavit, to set aside the judgment of foreclosure, and sale previously made on April 25, 1896, and all proceedings subsequent thereto. This motion came on to be heard before the

court upon all the proceedings, records, and files in the action, upon said affidavit, and upon the counter affidavit of D. R. Bailey, attorney for the respondent, and on July 17, 1897, the court made and filed an order denying said motion. From this order the appellant now brings its appeal to this court.

Appellant's motion to vacate was supported by the affidavit of its president. It recites the facts substantially as heretofore stated, and alleges that the amended complaint was never served on the co-partnership of Jewett Bros. & Jewett, nor upon either of the mortgagors; that the judgment was taken without notice to the same parties; and that this was done "by virtue of fraudulent collusion" between the plaintiff and Clow & Son and Sprankle, for the purpose of depriving the mortgagors and Jewett Bros. & Jewett of their lawful rights. The motion was not supported by any affidavit of the attorney of Jewett Bros. & Jewett, who signed the stipulation for judgment, and who alone had personal knowledge of the material facts. It was opposed by an affidavit of the attorney for plaintiff, which completely dispels any suspicion of fraud or collusion. This affidavit contains the following uncontradicted statement of facts: "That at the time the complaint was so amended, your deponent consulted with Joseph Kirby, attorney for the defendants Jewett herein, in reference to the validity of the liens, and informed him in reference to the amended complaint, and was advised by Mr. Kirby that he thought there was no question about the validity of one of the liens, and in his opinion the other was valid, and a prior lien to that held by the plaintiff; that the said Kirby was well aware of the contents of the amended complaint, but whether your deponent delivered him a copy of the amended complaint or not your deponent

is unable to say, but the said Kirby did, only a day or so prior to or on the day the judgment of foreclosure was taken, stipulate that judgment might be taken in the case in which W. P. Carr was plaintiff, and all the defendants, as set forth in the above title, appeared as parties defendant, as the records herein will show." If Jewett Bros. & Jewett should have been served with the amended complaint, or the answers of Clow & Son and Sprankle,—something we do not decide—such service should have been made upon their attorney of record, and not upon themselves (Comp. Laws, § 5336); and, as there is no evidence to the contrary, it will be presumed that such attorney received proper notice of all the proceedings subsequent to his appearance in the action. Beyond this, the written stipulation of the attorney of Jewett Bros. & Jewett, made after the amendment, and with notice of the liens of the additional defendants as shown by the affidavit of the attorney for plaintiff, clearly estopped them from objecting to the judgment after sale and the period of redemption had expired. The order appealed from is affirmed.